### STELLING v. GRABOWSKY.

*(Supreme Court, General Term, First Department.  June 3, 1892.)*

1. DEFECT OF PARTIES—WAIVER BY FAILURE TO DEMUR.
   Under Code Civil Proc. § 498, providing that an objection that there is a defect of parties, when it does not appear on the face of the complaint, may be taken by answer; and section 499, providing that such objection is waived unless it is taken by either demurrer or answer,—it is insufficient to make such objection by an answer averring that the same appears "on the face of the complaint."

2. ACTION ON CONTRACT—BY WHOM MAINTAINABLE—ALTERNATIVE OBLIGEES.
   Though the maker of a written promise to pay money at "any time" to "F. or S." could have paid the same to either, at his option, yet, upon the death of one of the payees, the survivor, who was in possession of the instrument, could maintain an action thereon; and it was immaterial whether or not it was negotiable, or from which of the payees the consideration moved.

Exceptions from circuit court, New York county.

Action by Augusta Stelling against Louis R. Grabowsky. Verdict was directed for plaintiff, and exceptions ordered to be heard at the general term in the first instance. Exceptions overruled.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*S. P. Potter*, for appellant.  *R. H. Smith*, for respondent.

VAN BRUNT, P. J.   This action was brought to recover upon an instrument in the following language:

"NEW YORK, June 1st, 1884.
"*Louis R. Grabowsky.*

"After date I promise to pay to the order of Anna R. Feldhausen or Augusta Stelling five hundred dollars, value received, with interest at the rate of four per cent., due any time.
     [Signed]               "LOUIS R. GRABOWSKY."

The defendant by his amended answer denied each and every allegation of the complaint; denied that the alleged instrument was a promissory note; and averred that on the face of the complaint it appeared that Anna R. Feldhausen, or her personal representatives, were proper and necessary parties plaintiff or defendant in this action, and that they were not parties, and that the plaintiff was not the real party in interest, and never was the owner and holder of the instrument, and that said Feldhausen was the sole owner and possessor of the instrument, and continued in possession thereof up to the time of her death, which took place in New York in or about the latter part of the year 1887, and that she never sold, assigned, or transferred the same to any person, and that she died intestate, and that no letters of administration were ever granted out of the surrogate's court to any administrator of her estate; that the loan was made by said Feldhausen, and the plaintiff had nothing to do with it.

Upon the trial it appeared that the plaintiff resided with said Feldhausen, who was her aunt, a number of years, and that the defendant made an application to the aunt to borrow $500; that the plaintiff did not want to consent to it at first, but that afterwards she did as a matter of friendship; and that she went to the bank and drew out the money, the bank account being in the joint names of said plaintiff and Feldhausen, and gave it to the defendant, who gave the note for it, all the written part of which is in the handwriting of the defendant. It further appeared upon cross-examination that the plaintiff had lived with her aunt for 20 years; did all the housework and took care of her, and tended the store,—a lamp, crockery, and oil store; that she was not paid any wages, but what spending money she wanted she got, and that the bank account was in the German Savings Bank, and kept in their joint names. It further appeared from the testimony of the defendant that he paid the interest upon this note to Feldhausen, except the last two payments, which were made to the plaintiff, who signed receipts upon the back thereof. Upon these facts the court directed the judgment in favor of the plaintiff, and ordered the exceptions to be heard in the first instance at the general term. It is claimed upon the part of the defendant upon this appeal that the defendant's motion to dismiss, on the ground that the administrator of Anna R. Feldhausen should have been made a party, ought to have been granted. It is apparent that such objection, if it existed, appeared upon the face of the complaint, and therefore should have been taken by demurrer, and, if not so taken, is waived. In fact the answer alleges that the defect appears upon the face of the complaint, and objection is attempted to be taken by answer, which could not be done under such circumstances. One of the grounds of demurrer is that there is a defect of parties plaintiff or defendant, and it is provided by section 498 of the Code that, when such objection does not appear upon the face of the complaint, it may be taken by answer; and by section 499 that, if such objection is not taken either by demurrer or answer, the defendant is to be deemed to have waived it. It appears distinctly that the objection, being apparent on the face of the complaint, could not be taken by answer, but must be by demurrer, and, no such demurrer being interposed, the objection was waived.

It is also urged that the alleged note is not a promissory note, within the statute; that it is valid as a contract, but not as a promissory note, because of the contingency; that the defendant has the right to choose which one of the payees he will pay, and it is conceded he is willing to pay the administrator of Mrs. Feldhausen; and that the court erred in directing a verdict for the plaintiff. We do not see that any of these objections are well taken. It is entirely immaterial whether the instrument in question is a promissory note or not. It is a promise upon the part of the defendant, for value, to pay to the plaintiff or to Mrs. Feldhausen. It is undoubtedly true that, if he had paid this note to either, it would have been a discharge as to the other; but he cannot use that option for the purpose of paying neither. The plaintiff is in possession of the note. Her joint title thereto is not impeached. She is the sole survivor of the alternative payees, and has the right to pursue the defendant for his payment. It is none of the defendant's business as to whether the money advanced was the money of the plaintiff or of Mrs. Feldhausen. Mrs. Feldhausen chose to permit the note to be given in that way, and the defendant, of his own volition, cannot alter the contract. It was the manifest intention that either of the payees of that note should be entitled to collect, and that the discharge of either should discharge the obligation. The exceptions should be overruled, and judgment entered in favor of the plaintiff upon the verdict, with costs. All concur.